WILLIAM M. HARRIS, JR. *vs.* STEFANO LUCCA *et al.*

JUNE 28, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Covenant to Pay Taxes.   Payment.   Reasonable Time.*

X. conveyed real estate to Y. with covenant "conveyance is subject to taxes assessed for 1923 which grantee hereby assumes and agrees to pay". Before the taxes were payable Y. conveyed the property to Z. the deed containing a clause to the effect that Z. agreed to assume and pay said taxes.   On the date of the assessment of the taxes the property was owned by X. and taxes were assessed against it in his name.   The taxes were due and ·payable without interest from October 1 to October 24, but if not paid by latter date interest from earlier date would be added.   X. paid the taxes on last day on which they were payable without interest.

On action by X. against Y. to recover amount paid:—

*Held,* that under the covenant the taxes were to be paid within a reasonable time but necessarily before they were overdue and X. was not required to wait until the amount to be paid had been increased by an interest charge. On the date of payment by X. the defendant had broken his agreement, and X. was entitled to recover from Y.

ACTION to recover tax paid. Heard on exceptions of defendants and exceptions overruled.

RATHBUN, J. The declaration in this case contains counts in general assumpsit, a count in special assumpsit and a count in covenant. The case is before us on the defendants' exception to a ruling of the Superior Court sustaining a demurrer to one of the defendants' pleas and also on their exception to the action of the trial justice in directing a verdict for the plaintiff for $72.12.

The facts are undisputed. On August 15, 1923, the plaintiff conveyed certain real estate to the defendants by a deed which contained a clause as follows: "The foregoing conveyance is made subject to taxes assessed for the year 1923 by the city of Providence which the grantees hereby assume and agree to pay." Before said taxes were payable the grantees conveyed said real estate by a deed containing a clause to the effect that their grantees agreed to assume and pay said taxes. On June 15, 1923, the date of the assessment of said taxes, said real estate was owned by the plaintiff and the taxes thereon were assessed against it in his name. Said taxes were due and payable without interest from October 1, to October 24, 1923. If the taxes had not been paid on or before the latter date interest computed from the earlier date would have been added to the amount of the taxes. The plaintiff paid said taxes on the last day on which they were payable without interest and the question is whether he can compel the defendants to reimburse him.

The defendants argue that the payment of the taxes could have been enforced only by resort to the lien on the real estate; that the plaintiff had no interest in the question whether the taxes were paid and that by paying he acted as a mere volunteer.

If the plaintiff had not paid the taxes the city may have followed its usual custom and collected, if the owner did not pay, by a sale of the real estate. We think, however, that the city was not bound to rely solely upon its lien on the real estate but might have proceeded directly against the plaintiff. Section 28, Chap. 62, G. L. 1923, provides that: "The collector of any tax may recover the amount

thereof in an action of the case against the person taxed". See *Pendleton* v. *Briggs*, 37 R. I. 352; *Kent* v. *Atlantic DeLaine Co.*, 8 R. I. 305; *Kettelle* v. *Warwick & Coventry Water Co.*, 24 R. I. 485. *Crutchfield* v. *Stambaugh*, 64 Tenn. 833. However, the question is not vital in determining the rights of the parties. This is not a case where a third person is seeking to enforce a promise made for his benefit. The defendants for a sufficient consideration moving from the plaintiff promised to pay the taxes, and the promise was made to the plaintiff. The main question is whether the promise has been broken and not what motive induced the plaintiff to exact the promise.

In consideration for a part of the purchase price the defendants agreed to pay the taxes. The agreement does not state when the taxes were to be paid. When no time is fixed it is presumed that it was intended that performance should be made within a reasonable time after the taxes were payable, but necessarily before they were overdue. What constitutes a reasonable time is, frequently a question of fact for the jury. In the case before us the plaintiff desired that the taxes be paid. He had a binding promise from the defendants to make the payment. If the defendants did not keep the agreement it was proper for the plaintiff to make the payment and hold the defendants to answer in damages for the breach. The main item of damage would be the amount which the plaintiff had, by the defendants' default, been required to pay to accomplish the purpose of the agreement. The defendants were not required before making payment to wait until the amount to be paid had been increased by an interest charge. If the plaintiff had waited until the next day before making payment an interest charge would have been added to the amount of the taxes. It would be unreasonable to require the plaintiff, on the last day in which the taxes could have been paid without interest, to remain at the city treasurer's office until closing time in order to pay the tax if the defendants failed to appear and make payment. We must hold as a matter of law that when

the payment was made the defendants had broken their agreement to pay within a reasonable time. It is not contended that the payment by the plaintiff prevented the defendants from keeping their agreement. The defendants never appeared on said last day or at any subsequent time and offered to pay the tax. They have not only not offered but have refused to pay the amount of the tax to the plaintiff, and suit was not commenced until approximately six months after the payment was made.

All of the defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict which was directed by the trial justice.

*Ernest P. B. Atwood,* for plaintiff.
*William M. P. Bowen,* for defendant.

